**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronco Cardenas,<br><br>            Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>            Respondents. | No. CV-21-00431-TUC-RM<br><br>**ORDER** |

Magistrate Judge Maria Aguilera issued a Report and Recommendation ("R&R") (Doc. 15), recommending that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner filed a timely Objection (Doc. 18), and Respondents filed a Response to the Objection (Doc. 20). Later, Petitioner filed a Motion for Extension of Time to File Reply (Doc. 21) and a Reply to Respondents' Response (Doc. 22), and Respondents filed a Motion to Strike Petitioner's Reply (Doc. 23). For the following reasons, the Court will grant the Motion for Extension of Time, deny the Motion to Strike, overrule Petitioner's Objection, accept the R&R, and deny the § 2254 Petition.

**I.     Background**

A grand jury charged Petitioner with burglary, attempted burglary, trafficking in stolen property, and theft.[1] (Doc. 10-1 at 3-4.) Petitioner proceeded to trial, and the jury

---
[1] Petitioner was also charged with two drug offenses (Doc. 10-1 at 3), which were later dropped (Doc. 1-4 at 6).

found him guilty of the charges. (*Id.* at 18–19.) The state trial court sentenced Petitioner to concurrent and consecutive terms of imprisonment totaling 27 years. (*Id.* at 23–25.) On direct appeal, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (*Id.* at 55-57.) Petitioner then sought post-conviction relief ("PCR") on the ground that he had been denied effective assistance of counsel.[2] (Doc. 1-4 at 2–32.) The trial court denied relief. (*Id.* at 34–44.) After granting review, the Arizona Court of Appeals denied relief. (*Id.* at 70–74.) The Arizona Supreme Court denied review without comment. (Doc. 1-5 at 18.) This action followed.

In his Petition for Writ of Habeas Corpus, Petitioner asserted five claims of ineffective assistance of trial counsel in violation of his Fifth, Sixth, and Fourteenth Amendment rights (Grounds (1) through (5)), and a claim of ineffective assistance of appellate counsel (Ground (7)). (Doc. 1 at 8, 15, 21, 22, 24, 26.) Petitioner asserted due process violations connected to his ineffective assistance of counsel claims in Grounds (1) through (5). (*Id.* at 8, 15, 21, 22, 24.) Petitioner also asserted that the state trial court's imposition of consecutive sentences violates his Eighth Amendment rights and his Fifth Amendment Double Jeopardy rights (Ground (6)). (*Id.* at 25.)

In their Answer to the Petition, Respondents asserted that the § 2254 Petition was untimely under the one-year statute of limitation provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. 10 at 5–7.) Respondents further asserted that several of Petitioner's claims were either partially or completely procedurally defaulted and that the remaining, properly exhausted claims lacked merit. (*Id.* at 11–15, 21-26.)

The R&R disagreed with Respondents' untimeliness argument and found that the § 2254 Petition was timely with the benefit of statutory tolling. (Doc. 15 at 3-4.) The R&R found that Petitioner's due-process-related-ineffective assistance of counsel claims in Grounds (1) through (5), his Ground (6) Eighth and Fifth Amendment claims, and his Ground (7) ineffective assistance of appellate counsel claim were procedurally defaulted

---

[2] The details of Petitioner's state trial and PCR proceedings are set forth in the R&R (Doc. 15) and adopted herein.

- 2 -

without excuse. (*Id.* at 6–8.) The R&R then individually addressed the remaining, properly exhausted ineffective assistance of counsel claims within Grounds (1) through (5) and found that Petitioner failed to show that the state courts had unreasonably applied federal law to the facts. (*Id.* at 8–13.) Based on these findings, the R&R recommended that the § 2254 Petition be denied and dismissed with prejudice. (*Id.* at 13.)

## II.     Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a magistrate judge. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of the magistrate judge's "report or specified proposed findings or recommendations to which objection is made." *Id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b), advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## III.    Discussion

### A.     Timeliness

The § 2254 Petition appears to be untimely under the Ninth Circuit's decision in *Melville v. Shinn*, 68 F.4th 1154, 1160–61 (9th Cir. 2023).[3]

### i.     Legal Standard

As applicable here, AEDPA requires that a state prisoner file for federal habeas relief within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §

---

[3] Although issued after the R&R, *Melville* "cannot be classified as a 'new rule'" because it "merely interprets the meaning of 'pending' under 28 U.S.C. § 2244(d)(2)." *Nolte v. Shinn*, No. CV-22-01072-PHX-MTL, 2023 WL 8002847, at *4 (D. Ariz. Nov. 17, 2023).

2244(d)(1)(A). The limitation period is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). As the Ninth Circuit clarified in *Melville*, a state PCR application is no longer "pending" when "no other state avenues for relief remain open." 68 F.4th at 1160–61 (quoting *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

### ii. Analysis

Here, the Arizona Court of Appeals denied relief of Petitioner's direct appeal on May 7, 2018. (Doc. 10-1 at 55.) Under Rule 31.21(b)(2)(A) of the Arizona Rules of Criminal Procedure, Petitioner had 30 days—until June 6, 2018—to file a petition for review in the Arizona Supreme Court. Because Petitioner did not do so, his convictions became final on June 7, 2018. The statute of limitations began to run the following day, on June 8, 2018. *See Melville*, 68 F.4th at 1159.

Statutory tolling began on July 5, 2018, the date Petitioner filed his PCR notice. (Doc. 10-1 at 65-66.) At that point, the statute of limitations had run for 27 days. On October 23, 2020, the Arizona Supreme Court denied Petitioner's request for review. (Doc. 1-5 at 18.) The statute of limitations resumed the next day, on October 24, 2020, and ran until its expiration 338 days later, on September 27, 2021.[4]

The § 2254 Petition is untimely because Petitioner did not present it to prison officials for mailing until October 20, 2021, after the statute of limitations had expired. (Doc. 1 at 48.) The R&R found that "[t]olling stopped on March 8, 2021, when the Arizona Court of Appeals issued its mandate." (Doc. 15 at 4.) Consequently, the R&R found that Petitioner had until February 7, 2022, to file his federal petition. (*Id.* at 4.) However, this finding is contrary to *Melville*. Tolling stopped on October 23, 2020, when the Arizona Supreme Court denied review of the petition. *See Melville*, 68 F.4th at 1156

---

[4] It is unclear how Respondents determined that the Arizona Court of Appeals issued its memorandum decision on May 5, 2018 (Doc. 10 at 6), instead of May 7, 2018 (Doc. 10-1 at 55), and that Petitioner presented his petition for mailing on October 10, 2021 (Doc. 10 at 6), instead of October 20, 2021 (Doc. 1 at 48). With the exception of these seemingly erroneous determinations, this Court agrees with Respondents' statutory tolling analysis in their Answer to Petition for Writ of Habeas Corpus. (Doc. 10 at 5-6.)

(specifying that the petitioner's PCR application "ceased to be pending when the time for him to seek further relief in the state courts expired, which was not precisely when the Arizona Court of Appeals issued its mandate"). Accordingly, the Court rejects the R&R's finding that the § 2254 was timely.

The Court must then consider whether Petitioner is entitled to equitable tolling. In limited circumstances, AEDPA's statute of limitations may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). To be entitled to equitable tolling, Petitioner must show that (1) "he has been pursuing is rights diligently" and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted).

Petitioner's excuse for delay—that he obtained legal counsel who required time to become familiar with the case—does not appear to be an extraordinary circumstance warranting equitable tolling. (Doc. 13 at 4-6); *see Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculation of limitations period and general negligence in failing to timely file petition "do not constitute extraordinary circumstances sufficient to warrant equitable tolling"). However, the Court need not decide whether the § 2254 Petition may be saved by equitable tolling because the Court agrees with the R&R's findings that Petitioner's claims are either procedurally barred or lack merit.

**B.     Procedural Default**

Petitioner objects to the R&R's finding that several of his claims are procedurally defaulted. (Doc. 18 at 3-5.) The Court disagrees with Petitioner and accepts the R&R's finding.

   **i.     Legal Standard**

A § 2254 petition subject to AEDPA cannot be granted unless it appears that (1) the petitioner has exhausted all available state-court remedies, (2) there is an absence of available state corrective process, or (3) state corrective process is ineffective to protect the rights of the petitioner. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In cases not carrying a life sentence or the death penalty, "claims

of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (per curiam). To properly exhaust state-court remedies, the petitioner must "fairly present" his claims to the state courts in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

A claim is considered procedurally defaulted and thus precluded from federal review if the claim was not presented in state court and no state remedies are currently available because the court to which the petitioner would be required to present the claim in order to meet the exhaustion requirement would find the claims procedurally barred under state law. *See Coleman*, 501 U.S. at 729-32, 735 n.1. Because the doctrine of procedural default is based on comity rather than jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, courts will do so only if the petitioner demonstrates cause and prejudice, or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

### ii.    Analysis

The R&R found that Grounds (1) through (5) "are unexhausted to the extent they allege a violation of due process" because Petitioner's state-court briefing "did not mention due process or the Fifth or Fourteenth Amendments"; rather, it referenced the Sixth Amendment and raised claims of denial of counsel and ineffective assistance of counsel. (Doc. 15 at 6-7.) Similarly, the R&R found that Ground (6) is "unexhausted because Petitioner's state-court briefing does not mention the Fifth Amendment's Double Jeopardy Clause or the Eighth Amendment's prohibition of cruel and unusual punishment." (*Id.* at 7.) Finally, the R&R determined Ground (7) is procedurally defaulted, and that the exception Petitioner urged under *Martinez v. Ryan*, 566 U.S. 1 (2012) does not apply to claims of ineffective assistance of appellate counsel to excuse

the default. (*Id.* at 7-8 (citing *Davila v. Davis*, 582 U.S. 521, 525 (2017).).) The R&R concludes that federal habeas review of these claims is barred because each claim is procedurally defaulted without excuse.[5] (*Id.* at 6-8.)

Petitioner challenges the R&R's procedural default findings. (Doc. 18 at 3-5.) Petitioner argues that his due process claims in Grounds (1) through (5) and his Ground (6) claims are exhausted because they are "part and parcel" of his ineffective assistance claims "despite variations in the legal theory if the ultimate question for disposition is the same." (*Id.* at 3.) As to Ground (7), Petitioner appears to argue, contrary to the admission in his habeas Petition, that the claim is exhausted because he raised it in his state post-conviction relief ("PCR") proceeding. (*Id.* at 5.)

In their Response to Petitioner's Objection, Respondents counter that an ineffective assistance of counsel claim is "inadequate to exhaust the underlying substantive issue," which they state, "must contain its own operational facts and federal legal theory." (Doc. 20 at 3 (citing *Rose v. Palmateer*, 395 F.3d 1108, 1111–12 (9th Cir. 2005).).) Concerning Ground (7), Respondents assert that Petitioner failed to raise this ineffective assistance of appellate counsel claim in his PCR petition or in his petition for review to the Arizona Court of Appeals. (Doc. 20 at 4.) Therefore, Respondents argue that the R&R's recommendations regarding procedural default should not be disturbed. (*Id.* at 3.)

"In addition to requiring specificity in pleading the federal nature of a claim," the Ninth Circuit requires "a petitioner to articulate the substance of an alleged violation with some particularity." *Rose* 395 F.3d at 1111. In *Rose*, the petitioner asserted that his confession and videotaped reenactment of the crime were induced in violation of the Fifth Amendment. *Id.* at 1110. He contended that although he did not assert the substantive Fifth Amendment claim in his direct appeal or state PCR petition, "he

---

[5] The R&R explains that state rules bar Petitioner from raising these claims in a new post-conviction petition because he could have raised them in his first petition, and the deadline for bringing his claims has passed. (Doc. 15 at 7 (citing Ariz. R. Crim. P. 32.2(a)(3), 32.4(b)(3)(A).).) Consequently, the R&R finds these claims are procedurally defaulted because Petitioner cannot return to state court to exhaust them. (Doc. 15 at 7.)

- 7 -

'indirectly' exhausted this claim" by alleging ineffective assistance of counsel for failure to properly litigate the inadmissibility of his confession and re-enactment. *Id.* at 1110–11. The Ninth Circuit rejected the argument, finding that "although Rose's Fifth Amendment claim is related to his claim of ineffective assistance, he did not fairly present the Fifth Amendment claim to the state courts when he merely discussed it as one of several issues which were handled ineffectively by his trial and appellate counsel." *Id.* The Court reasoned that "[w]hile admittedly related, they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts." *Id.* at 1112*; see also Kimmelman v. Morrison*, 477 U.S. 365, 374 & n.1 (1986) (concluding that Petitioner's Fourth Amendment suppression claim and Sixth Amendment ineffective assistance claim based on the failure to competently litigate the Fourth Amendment issue "are nonetheless distinct, both in nature and in the requisite elements of proof").

Similarly, here, Petitioner did not fairly present to the state court Grounds (1) through (5), to the extent they allege a due process violation, or Ground (6), which alleges violations of the Fifth Amendment's Double Jeopardy Clause and the Eighth Amendment's prohibition of cruel and unusual punishment. "While admittedly related," Petitioner's ineffective assistance of counsel claims and the newly presented claims in Grounds (1) through (6) "are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts." *Rose* 395 F.3d at 1112. Because Petitioner did not do so, and state procedural rules would bar him from raising the claims now, these claims are procedurally defaulted.

The Court further finds that Ground (7) is procedurally defaulted. Petitioner acknowledged that he was raising this claim of ineffective assistance of appellate counsel "for the first time in this court." (Doc. 1 at 26.) Upon reviewing the record, the Court concurs that Petitioner did not previously raise this claim. (*See* Doc. 1-4 at 2-32, 46-68.) Petitioner argued that default should be excused under the exception enunciated in *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). However, as the R&R found, the Supreme

Court has limited the *Martinez* exception to claims of ineffective assistance of trial counsel. *Davila*, 582 U.S. at 525.

Accordingly, the Court accepts the R&R's findings that Petitioner's due-process-related-ineffective assistance of counsel claims in Grounds (1) through (5), his Ground (6) Eighth and Fifth Amendment claims, and his Ground (7) ineffective assistance of appellate counsel claims are procedurally defaulted without excuse. Petitioner's objections are overruled.

### C. Merits of Petitioner's Claims

Petitioner objects to the R&R's finding that his remaining denial of counsel and ineffective assistance of counsel claims are without merit. (Doc. 18 at 5-11.) The Court disagrees with Petitioner and accepts the R&R's conclusions.

#### i. Legal Standard

##### a. Denial of Counsel

"The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all 'critical stages' of the criminal process." *Iowa v. Tovar*, 541 U.S. 77, 87 (2004) (citations omitted). This right is violated, and prejudice is presumed, when (1) there is a "complete denial of counsel," (2) "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or (3) "counsel is called upon to render assistance under circumstances where competent counsel very likely could not." *Bell v. Cone*, 535 U.S. 685, 695–96 (2002) (quoting *United States v. Cronic*, 466 U.S. 648, 659–62 (1984)).

##### b. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, Petitioner must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Moreover, to obtain relief under AEDPA on ineffective assistance of counsel claims, a petitioner must show either that the Arizona Court of Appeals' decision rejecting the claims "was contrary to, or involved an unreasonable application" of the *Strickland* standard, or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so[.]" *Harrington v. Richter*, 562 U.S. 86 (2011).

### ii.   Analysis

**Grounds (1)(a) and (b):** In Ground (1)(a), Petitioner alleges that he was denied counsel during a critical stage of his prosecution—a *Donald* hearing[6]—because the trial court granted his attorney's motion to withdraw at the beginning of the hearing but allowed her to represent him during the hearing. (Doc. 1 at 8–15, 37–41.) In Ground (1)(b), Petitioner claims counsel was ineffective leading up to and at the *Donald* hearing. (*Id.*)

The R&R found the denial of counsel claim was without merit because it did not fit within any of the recognized denial-of-counsel scenarios outlined in the law. (Doc. 15 at 8.) The R&R then analyzed each way Petitioner alleged counsel performed deficiently during and leading up to the hearing. (*Id.* at 10-11.) It found that the state court could reasonably find that Petitioner had not overcome the presumption that counsel's conduct was reasonable. (Doc. 15 at 10–11.) In his Objection, Petitioner concedes that the law concerning denial of counsel does not squarely fit the unique circumstances here. (Doc. 18 at 6-7.) Petitioner contends his denial-of-counsel claim "is also very severely impacted by ineffective assistance of counsel." (*Id.* at 6.) Petitioner claims that counsel

---

[6] The purpose of a Donald hearing is to ensure, on the record, that the defendant understands the outstanding plea offer and is knowingly and voluntarily rejecting it. *State v. Mendoza*, 455 P.3d 705, 715 (Ariz. Ct. App. 2019) (quoting *Missouri v. Frye*, 566 U.S. 134, 146 (2012)).

- 10 -

"clearly should have deferred" participating in the hearing until new counsel was present, and he lodges other criticisms about the deadline for the State's second plea offer. (*Id.*)

The Court concurs with the R&R's finding that Petitioner's denial of counsel claim does not fit within the scenarios outlined in the law because Petitioner's counsel was present during the hearing. Furthermore, as the Arizona Court of Appeals found, "the record shows [Petitioner] understood the plea offer and the risks of going to trial" and that he "was informed no other plea offer was available, and he avowed to the court he had read the plea, understood it, and that counsel had answered his questions about it." (Doc. 1-4 at 72-73.) Finally, the timing of the state's plea offer was not controlled by defense counsel or the state trial court. Petitioner's objections regarding Grounds (1)(a) and (b) are overruled.

**Ground (2):** Petitioner contends that trial counsel was ineffective in failing to object to the introduction of recorded phone calls Petitioner made to his co-defendant from jail. (Doc. 1 at 15.) The state PCR court concluded the calls constituted relevant evidence and found "good reason" to believe that it would have overruled counsel's objections to the recordings, in part because the calls "arguably show Petitioner was trying to manipulate [his co-defendant] into taking the fall for him." (Doc. 1-4 at 42.) The Arizona Court of Appeals concluded that Petitioner failed to overcome the presumption that counsel acted reasonably. (Doc. 1-4 at 73-74.) The R&R finds that the state court could reasonably conclude that Petitioner failed to demonstrate deficient performance. (Doc. 15 at 11.)

In his Objection, Petitioner does not dispute that his attempts to influence his co-defendant were both relevant and admissible. (Doc. 18 at 9.) Instead, he argues that by failing to object to other portions of the calls, counsel allowed "irrelevant, highly prejudicial material" to be introduced at trial. (Doc. 18 at 9.) This argument is not persuasive for two reasons. First, as the PCR court found, "the portions of the recordings that Petitioner claims were 'unfairly prejudicial' were relatively innocuous." (Doc. 1-4 at 42.) Additionally, Petitioner has not shown that there is a reasonable probability that the

jury would have reached a different verdict if those portions of the calls had been excluded. (*See id.*)

**Ground (3):** Petitioner claims that trial counsel was ineffective for failing to challenge the victim's testimony that he owned a ring that in fact belonged to Petitioner. (Doc. 1 at 21-22.) The Arizona Court of Appeals concluded Petitioner had not overcome the presumption that counsel acted reasonably. (Doc. 1-4 at 73-74.) The R&R finds that counsel could have chosen not to challenge ownership of the ring for several reasons, including that counsel may have believed that disputing a single item would not help Petitioner's case considering that the victim asserted ownership over numerous items found in Petitioner's possession. (Doc. 15 at 11-12.) Petitioner's Objection merely restates that that there was evidence the ring belonged Petitioner. (Doc. 18 at 10.) This argument, however, does not overcome the presumption that counsel's decision not to challenge ownership of the ring had a reasonable tactical basis.

**Ground (4):** Petitioner asserts that trial counsel was ineffective for failing to move to suppress the victim's identification of him at a "one-person show-up." (Doc. 1 at 22-23.) The Arizona Court of Appeals rejected this claim in part because Petitioner did not "contest the trial court's conclusion that his identity was not an issue at trial." (Doc. 1-4 at 73-74.) As the R&R found, Petitioner still does not allege in his § 2254 Petition that his identity was an issue at trial. (Doc. 15 at 12.) Nor does he do so in his Objection to the R&R. (Doc. 18 at 10.) Petitioner's argument that "a challenge may have proven the deceitful victim to have further issues with his testimony" is unavailing. (*Id.*)

**Ground (5):** Petitioner argues that the new sentencing counsel he requested was ineffective in failing to submit a sentencing memorandum to present alleged mitigating information and failing to meet with him privately before the sentencing hearing. (Doc. 1 at 24.) The Arizona Court of Appeals concluded that Petitioner had not overcome the presumption that counsel acted reasonably. (Doc. 1-4 at 73-74.) The R&R found this conclusion reasonable. (Doc. 15 at 13.) The R&R specifically noted that counsel advocated for Petitioner at sentencing by emphasizing the nonviolent nature of

Petitioner's criminal history, Petitioner's previously untreated mental health conditions and struggles with drug addiction, the disparity in sentencing between Petitioner and his co-defendant, and by objecting to the 35-year recommendation and the court's imposition of consecutive sentences. (*Id.*) Petitioner's generalized objection asserting that the R&R overlooked counsel's clear failures (Doc. 18 at 10) does not show how counsel acted unreasonably.

### iii. Conclusion

Petitioner has not met the *Strickland* standard, much less shown that the Arizona Court of Appeals' rejection of his denial of counsel and ineffective assistance of counsel claims was unreasonable under 28 U.S.C. § 2254(d). The Court will overrule Petitioner's objections to the R&R's finding that these claims fail on the merits.

### D. Motion for Extension of Time and Motion to Strike

Judge Aguilera's R&R specifies that "[t]he parties may not file replies" to R&R objections "absent permission from the district court." (Doc. 15 at 14.) The Court will construe Petitioner's Motion for Extension of Time to File Reply (Doc. 21) as a request for permission from the district court to file a reply. Accordingly, the Court will grant Petitioner's Motion for Extension (Doc. 21) and deny Respondents' Motion to Strike (Doc. 23). *See Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) (pro se pleadings are generally to be held "to a less stringent standard than briefs by counsel" and to be read "generously, however in artfully pleaded") (internal quotation marks omitted).

### E. Certificate of Appealability

Petitioner asks this Court to issue a certificate of appealability. (Doc. 19.) A certificate of appealability must issue before Petitioner can appeal this Court's judgment. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A substantial showing is made if "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner," or that "the issues presented were adequate to deserve encouragement to proceed further." *See Slack*

*v. McDaniel*, 529 U.S. 473, 484-85 (2000) (internal quotation marks omitted). Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the § 2254 Petition is not debatable among reasonable jurists and the issues presented are not adequate to deserve encouragement to proceed further.

**IT IS ORDERED:**

(1) Petitioner's Motion for Extension to File Reply (Doc. 21) is **granted**.

(2) Respondents' Motion to Strike Reply (Doc. 23) is **denied**.

(3) Petitioner's Objection (Doc. 18) is **overruled**.

(4) The Report and Recommendation (Doc. 15) is **accepted** as set forth above.

(5) The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied**. The Clerk of Court is directed to enter judgment accordingly and close this case.

(6) Petitioner's Motion for Certificate of Appealability (Doc. 19) is **denied**. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 25th day of March, 2024.

_____
Honorable Rosemary Márquez
United States District Judge